# CIRCUIT COURT OF THE CITY OF RICHMOND

Thomas L. Harlow, Jr.

v.

Commonwealth of Virginia,
State Board of Dentistry

January 16, 1979

By JUDGE WILLARD I. WALKER

The matter before the court is a petition seeking certain information and is brought under the Freedom of Information Act. Specifically, the plaintiff maintains in his petition and affidavit that he needs certain records that are in the possession of the State Board of Dentistry in connection with a hearing that is being held by the State Board of Dentistry with respect to him and that he is being hindered in his preparation for this hearing by denial of these records.

Mr. Dennis G. Merrill, Assistant Attorney General, has agreed to furnish the plaintiff with certain records in the possession of the Board of Dentistry; namely, those records which constitute public matters, such as notices of hearings, motions and rulings thereon by the Board or hearing officer, transcripts of proceedings, exhibits admitted into evidence, brief memorandum submitted to the Board, hearing officer's reports, board opinions and orders.

The plaintiff, however, notwithstanding the language of his petition and affidavit, has attempted to obtain all records in possession of the Board that deal with any dentist who has been the subject of disciplinary action by the Board.

The records which the Board has beyond those which have already been furnished to the plaintiff were, pursuant to court order, furnished to the court for in camera review. Those records have been reviewed.

The court rules that the plaintiff is not entitled to the mandamus requested. First of all, under the provisions of Virginia Code § 2.1-342(a), the plaintiff does not designate the requested records with reasonable specificity. Secondly, my review of these records indicates they should be protected from public disclosure by the provisions of the Virginia Privacy Act. For the plaintiff to say that the Freedom of Information Act supercedes the Privacy Act is not consistent with the legislature's enactment. For example, consider the provisions of Code § 2.1-342(c).

> [No] provision of chapter 26 (§ 2.1-377 et seq.) of this title shall be · construed as denying public access to records of the position, job classification . . . .

If the General Assembly understood in enacting § 2.1-342 that there were exceptions as to the Privacy Act, as it must have by this language, then it could easily have made rulings or exceptions that would encompass the situation involved.

Additionally, it is my opinion that the materials furnished to me in camera are memoranda, working papers, and records compiled specifically for use in litigation as provided in § 2.1-342(b)(5) and are, therefore, exempt from disclosure.

And finally, under the provisions of Virginia Code § 2.1-346, a petitioner is required to support his petition for mandamus under the Freedom of Informa-

tion Act by an affidavit showing good cause. In my opinion, what is involved here is nothing more nor less than a general fishing expedition on the part of the plaintiff because he is being subjected to certain disciplinary hearings by the State Board of Dentistry. I do not consider his affidavit statement to be a statement of good cause as provided by the Freedom of Information Act.

Accordingly, the request for mandamus in plaintiff's petition is denied, and this petition shall be dismissed with prejudice.